**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| CECELIA N. JOHNSON | ) | Case No.: 09-37011 |

**NOTICE OF MOTION**

TO:   Forest L. Ingram                     Cecelia Johnson
      Forest L. Ingram, P.C.               4650 N. Sheridan Road
      79 W. Monroe St., Suite 900          Chicago, Illinois 60640
      Chicago, Illinois 60603

PLEASE TAKE NOTICE that on the 20th day of November, 2009, at 10:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Presiding Judge Jack B. Schmetterer, in Courtroom 682, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Illinois and then and there present **National City Commercial Capital Company, LLC's Motion for an Order Modifying the Automatic Stay and Directing the Debtor to Provide Adequate Protection**, a copy of which is attached herewith and served upon you.

                                       NATIONAL CITY COMMERCIAL CAPITAL
                                       COMPANY, LLC

                              By:      /s/ Vincent T. Borst
                                       One of Its Attorneys

Vincent T. Borst, Esq.
Borst & Collins, LLC
Two Prudential Plaza
180 North Stetson Avenue, Suite 3050
Chicago, Illinois 60601
(312) 819-1944 – Telephone
(312) 819-1977 – Facsimile
Attorney for Plaintiff
ARDC No. 06192904

U:\KClark\National City\My Ranch, Inc\Pleadings\Bankruptcy\NOM - Modify Auto Stay - Johnson - 2136.13134.wpd

STATE OF ILLINOIS    )
                                )SS
COUNTY OF COOK    )

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, being first duly sworn on oath, deposes and says that she caused a correct copy of the foregoing, **National City Commercial Capital Company, LLC's Motion for an Order Modifying the Automatic Stay and Directing the Debtor to Provide Adequate Protection** to be served upon the defendants at the addresses set forth on the face of the Notice, by depositing same in the U.S. Mail at 180 N. Stetson Street, Ste. 3050, Chicago, Illinois 60601, with proper postage prepaid on this 12th day of November, 2009.

By: _____
     Nikki Clark

SUBSCRIBED AND SWORN to before

me this 12th day of November, 2009.

_____
Notary Public

[Notary Seal: KRISTEN KWIATKOWSKI, OFFICIAL SEAL, STATE OF ILLINOIS, MY COMMISSION EXPIRES MAY 7, 2010]

U:\KClark\National City\My Ranch, Inc\Pleadings\Bankruptcy\NOM - Modify Auto Stay - Johnson - 2136.13134.wpd

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 11 |
| CECELIA N. JOHNSON | ) | Case No.: 09-37011 |

**NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC'S
MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY
AND DIRECTING THE DEBTOR TO PROVIDE ADEQUATE PROTECTION**

NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC ("NATIONAL CITY"), a creditor of CECELIA N. JOHNSON ("the Debtor") under a written Master Lease Agreement and Unconditional Personal Guaranty, hereby moves this Court for the entry of an order modifying the automatic stay and directing the Debtor to provide adequate protection to NATIONAL CITY. NATIONAL CITY moves pursuant to Bankruptcy Code §362 and Bankruptcy Rules 4001 and 9014, for relief from the automatic stay to exercise its contractual and state law rights with respect to its leased equipment. NATIONAL CITY moves, in the alternative, pursuant to §361 and §362, for an order compelling the debtor to make adequate protection payments.

In support of this motion, NATIONAL CITY states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151 and 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

### BACKGROUND

3. Upon information and belief, a voluntary petition was filed by the Debtor under

Chapter 11 of the United States Bankruptcy Code on or about October 5, 2009 (the "Petition Date").[1]

4. On or about June 5, 2008 NATIONAL CITY and MY RANCH, INC. d/b/a FRESH HARVEST MARKET ("MY RANCH") entered into a Master Lease Agreement Number 110804000 (the "Lease Agreement"). A true and correct copy of the Lease Agreement is attached hereto as Exhibit 1.

5. In addition, on or about June 25, 2008 NATIONAL CITY and the Debtor entered into Revised Rental Schedule Number 110804001 (the "Revised Rental Schedule"), which was to be governed in accordance with the terms of the Lease Agreement attached hereto as Exhibit 1. A true and correct copy of the Revised Rental Schedule is attached hereto as Exhibit 2.

6. Debtor here personally guaranteed all of MY RANCH's obligations under the Lease Agreement. A true and correct copy of her Unconditional Personal Guaranty is attached hereto as Exhibit 3.

7. Pursuant to the Lease Agreement, NATIONAL CITY purchased certain equipment which is listed on the face of the Lease Agreement and Revised Rental Schedule attached hereto as Exhibits 1 and 2 respectively, and subsequently leased the equipment to MY RANCH.

8. Pursuant to paragraph 6 of the Lease Agreement, all of the equipment identified on the face of the Lease Agreement and Revised Rental Schedule was, and at all times remained the sole and exclusive personal property of NATIONAL CITY, with no right, title or interest in the equipment passing to MY RANCH or Debtor other than the right to maintain possession and use of the

---

[1] National City has filed a similar motion in In Re My Ranch, Inc, case no. 09-35697, and files this motion here as well.

equipment for the full term of the Lease Agreement and Revised Rental Schedule, conditioned upon MY RANCH and Debtor's compliance with the terms and conditions of the Lease Agreement.

9. The equipment was delivered and accepted by MY RANCH and Debtor on June 4, 2008 for the Lease Agreement and on June 25, 2008 for the Revised Rental Schedule. True and correct copies of the final Certificates of Acceptance for these two schedules are attached hereto as Exhibit 4.

10. NATIONAL CITY filed its UCC Financing Statement with the Illinois Secretary of State on June 7, 2008.

11. Pursuant to the terms of the Lease Agreement, MY RANCH agreed to make 60 consecutive monthly payments, each in the amount of $2,044.66, payable monthly in advance, plus applicable taxes.

12. Pursuant to the terms of the Revised Rental Schedule, MY RANCH also agreed to make 60 consecutive monthly payments, each in the amount of $1,061.09, payable monthly in advance, plus applicable taxes.

13. Prior to the Petition Date, MY RANCH defaulted on its obligations to NATIONAL CITY under the Lease Agreement and Revised Rental Schedule and NATIONAL CITY demanded for performance from Debtor under the Unconditional Personal Guaranty. As of the Petition Date, the total amount due to NATIONAL CITY is $161,161.67, plus accrued and accruing interest, costs, fees and expenses, including, without limitation, attorneys' fees and disbursements.

14. The total fair market value of the equipment identified in the Lease Agreement and Revised Rental Schedule is $50,000.00. The total liquidation value is approximately $15,000.00. To the best of NATIONAL CITY's knowledge, each of those values is less than the amount of MY RANCH's or Debtor's obligations to NATIONAL CITY.

## RELIEF FROM THE AUTOMATIC STAY

15.    Neither MY RANCH or the Debtor have made any post petition payments to NATIONAL CITY. The last time NATIONAL CITY received any payment was in or about April, 2009.

16.    MY RANCH's and Debtor's failure to make "periodic" cash payments to NATIONAL CITY, which would constitute adequate protection under §361(1) of the Bankruptcy Code, has resulted in the equipment depreciating in value faster than payments are being received by NATIONAL CITY, and, therefore, NATIONAL CITY's equipment is not adequately protected.

17.    The Lease Agreement and Unconditional Personal Guaranty require that MY RANCH and the Debtor keep the equipment identified in the Lease Agreement and Revised Rental Schedule insured against all risks of loss, and there is no evidence that either is maintaining insurance on the equipment as required by the Lease Agreement.

18.    The Debtor has not shown the equipment identified in the Lease Agreement and Revised Rental Schedule is necessary for any effective reorganization.

19.    Furthermore, neither MY RANCH or the Debtor has any equity in the equipment.

20.    Under §362(d) of the Bankruptcy Code, the stay can be modified for cause, including lack of adequate protection or if the Debtor does not have equity in the equipment and the equipment is not necessary for an effective reorganization.

21.    To demonstrate that property is "necessary to effective reorganization," so as to preclude the stay being terminated due to a debtor's lack of equity in property, a debtor must do more than show there can be no reorganization without the property, but must instead show "that the property is essential for an effective reorganization *that is in prospect*." In re United Sav Assoc. v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 376, 108 S.Ct. 626, 632, 98 L.Ed.2d 740

(1988)(emphasis in original). The Debtor is also required to demonstrate a reasonable possibility of a successful reorganization within a reasonable period of time. Id.; In re Canal Place Ltd. Partnership, 921 F.2d 569, 577 (5th Cir. 1991); In re North Port Marina Associates, 136 B.R. 903, 908 (Bankr. E.D.N.Y. 1992); In re PMS Assoc., No. 2 104 B.R. 86, 89 (Bankr. S.D. Ind. 1989).

### ORDER TO MODIFY AUTOMATIC STAY OR, ALTERNATIVELY FOR ADEQUATE PROTECTION

22. NATIONAL CITY believes that, in the event that the Court determines that the equipment is property of the estate, absent this Court's Order terminating the Automatic Stay, NATIONAL CITY's interest in the equipment will be severely jeopardized. In addition, NATIONAL CITY is unaware whether the Debtor is utilizing the equipment, or whether the equipment is even insured, and NATIONAL CITY is concerned that the value of the equipment is diminishing rapidly.

23. Given the foregoing, NATIONAL CITY is entitled to an order terminating the automatic stay pursuant to U.S.C. §362 (d)(1) and (2) so that NATIONAL CITY may exercise all of its rights and remedies under applicable non-bankruptcy law with respect to the equipment.

24. Alternatively, this Court has flexibility in fixing adequate protection in order to protect the creditor from the depreciation of the value of its equipment during the pendency of the automatic stay. Accordingly, if the Court elects to allow the Debtor to retain possession of NATIONAL CITY's equipment, this Court, pursuant to §363(e) of the Bankruptcy Code should condition the use of NATIONAL CITY's equipment on the Debtor's provision to NATIONAL CITY of adequate protection, including, at a minimum, the curing of all post-petition arrearages and the continued payment of contractual loan obligations and an order to allow NATIONAL CITY to recover its equipment without the need to file further pleadings or motions with this Court in the event that the Debtor fails to pay the required payments.

25. Accordingly, this Court should enter an order in the form attached hereto as Exhibit 4 granting NATIONAL CITY relief from the automatic stay to allow NATIONAL CITY to recover its equipment and for such other and further relief as set forth therein.

WHEREFORE, NATIONAL CITY respectfully requests that this Court enter an order:

1. Finding that:

   (a.) The automatic stay does not apply to NATIONAL CITY's equipment, as it is not property of the estate, or, in the alternative,

   (b.) Granting this motion in its entirety and, specifically, granting NATIONAL CITY relief from the automatic stay with respect to its equipment, pursuant to §362(1) and (2) of the Bankruptcy Code, and permit NATIONAL CITY to exercise its rights and remedies under applicable non-bankruptcy law;

2. And ordering that:

   (a.) NATIONAL CITY's interest in its equipment is not adequately protected;

   (b.) The Debtor has no equity in NATIONAL CITY's equipment and the equipment is not necessary for any reorganization; and

   (c.) NATIONAL CITY has a first priority security interest in its equipment and is entitled to the proceeds of its disposition; and,

3. Granting NATIONAL CITY such other and further relief as this Court deems just.

                              NATIONAL CITY COMMERCIAL
                              CAPITAL COMPANY, LLC

                    By:   /s/ Vincent T. Borst
                              One of its Attorneys

Vincent T. Borst, Esq.
Jennifer L. Tweeton, Esq.
BORST & COLLINS, LLC

Two Prudential Plaza
180 N. Stetson Street, Suite 3050
Chicago, Illinois 60601
(312) 819-1944 Telephone
(312) 819-1977 Facsimile
ARDC No.: 06192904
ARDC No.: 6285225

U:\KClark\National City\My Ranch, Inc\Pleadings\Bankruptcy\Mot to Modify Auto Stay or for Adeq. Protection - Johnson - 2136.13134.wpd