**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

B09110020

| | | |
|---|---|---|
| IN RE: | ] | Case Number 09-37011 |
| | ] | CH 11 |
| Cecilia N. Johnson; | ] | Judge Jack B. Schmetterer |
| | ] | |
| | ] | |
| | ] | |
| | ] | |
| | ] | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Now comes M & I BANK by and through its attorneys, Freedman, Anselmo, Lindberg, & Rappe, and seeks to determine the dischargeability of debt owed it by Cecelia Johnson ( hereinafter referred to as "Debtor"), pursuant to Sec. 523(a)(2)(B) of the Bankruptcy Code, and for judgment thereon, based upon the following allegations:

1. That this court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. 1334 and 28 U.S.C. 157; and this court has further jurisdiction pursuant to Sec. 523(a)(2)(B) of the Bankruptcy Code.

2. That M & I Bank is a financial institution in the business of making consumer loans.

3. That M & I BANK is a creditor of the Debtor and is listed in her bankruptcy petition.

4. That on or about February, 2008, Amoah Enterprises LLC applied for a loan over the internet from Swift Co/ M & I BANK.in the amount of $19,500.00 as per Plaintiff's exhibit "A" attached hereto and made a part hereof.

5. That the loan agreement was to be financed by M & I BANK as per the contract terms.

6. That Cecelia Johnson acted as a guarantor for the loan.

7. That as part of the loan agreement the Debtor was required to complete a credit application in order for M & I BANK to ensure that she was qualified to obtain a loan. That on the credit application the

Debtor was required to state her current salary. On page #1 of the application the Debtor provided that her salary was $88,000.00 per year, a copy of the Credit Application is attached hereto as Plaintiff's exhibit "A" and is made a part hereof.

8. That as part of the loan application, Debtor represented that she was the owner of Amoah Enterprises LLC, a company which owned a grocery business. That the business had a gross revenue of 1.5 million dollars, and that Debtor received a salary of $45,000.00 from the grocery business. She also claims she receives $43,000.00 from a hair business that she operates out of her home. The bankruptcy petition does not indicate that Debtor owns any company or entity named Amoah Enterprises LLC, nor does she own a grocery business.

8. That M & I BANK remitted the sum of $19,500.00 to Debtor as requested by the Debtor.

9. That according to the bankruptcy petition filed by the Debtor, in answering question #1 of her statement of financial affairs, the Debtor responded that she received $42,500.00 in 2007, and $6,087.00 in the year 2008.

10. That the Debtor knew she did not earn an income of $88,000.00 from her businesses, and she misrepresented her income on the application for the loan with the intent of obtaining money from M & I Bank.

11. That had M & I BANK known that the Debtor had an income of substantially less than the $88,000.00 as represented at the time of the application for loan, M & I BANK would not have approved the loan to the corporation..

12. That M & I BANK relied upon the information provided it by the Debtor, and that M & I BANK's reliance upon the income per the credit application provided it by Debtor was reasonable.

13. That the statement in writing provided by the Debtor was materially false, and that the indebtedness to M & I BANK is nondischargeable in bankruptcy pursuant to Sec. 523(a)(2)(B) of the Bankruptcy Code.

14. That as a result of Debtor's actions M & I BANK has suffered a loss of $19,969.18, including accrued interest.

15. That pursuant to the terms of the loan agreement, Debtor is also liable to M & I BANK for reasonable attorney fees in the collection of this debt as per Plaintiff's exhibit "B" attached hereto and made a part hereof.

**WHEREFORE**, PLAINTIFF M & I BANK respectfully prays for an order of this court declaring that the debt owed it by CECELIA JOHNSON to be nondischargeable pursuant to Sec. 523(a)(2)(B) of the Bankruptcy Code; and for this court to enter judgment in favor of M & I BANK and against CECELIA JOHNSON in the amount of $19,969.18, plus interest, costs expended including reasonable attorney fees as determined by this court, and for such other relief as this court may deem just and proper under the circumstances.

M & I BANK

By: /s/ Steven C. Lindberg

Attorney for Creditor

FREEDMAN, ANSELMO, LINDBERG & RAPPE, LLC

1807 W. Diehl Rd., Ste 333

Naperville, IL  60566-7228
630-983-0770     866-402-8661
630-428-4620 (fax)
Attorney No.   Cook 26122, DuPage 42005, Kane 031-26104,
Peoria 1794, Winnebago 3802, IL 03126232
Steven Lindberg- 3126232, Louis Freedman- 3126104, Thomas Anselmo- 3125949
Robert Rappe- 6201817 Doug Oliver - 6273607, Barbara Nilsen- 6287524
Clay R. Mosberg- 1972316, Karl V. Meyer- 6220397, Michael S. Bablo- 6236653
Adam J. Wilde- 6301184, Jason A. Newman, Of Counsel,- 6275591, Cook- 39765

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**